TEXAS, S. F. & N. R. Co. *v.* ORMAN and another.

Filed January 30, 1886.

1. MECHANIC'S LIEN—BILL TO ENFORCE—PLEADING.

A bill to enforce a mechanic's lien on railroad property, referring to the notices filed, as prescribed by statute, and setting out in detail the work and labor performed and materials furnished, is sufficient, though it does not specifically set out the particular items stated in the notice.

2. SAME—CLAIM AND NOTICE OF LIEN.

No lien can be allowed for labor and materials not embraced in the claim and notice of lien, and such an item will be stricken from the decree in complainant's favor.

Error to district court, Santa Fe county.

*Gildersleeve & Preston,* and *Catron, Thornton & Clancy,* for plaintiff in error.

*H. L. Waldo, Wm. Breeden,* and *John H. Knaebel,* for defendants in error.

HENDERSON, J. Two writs of error were sued out, but embrace in legal effect only one final decree in the court below, as appears from the transcripts of the record returned into this court in obedience to the writs.

In No. 199 a motion was filed in this cause to quash the writ of error. In overruling that motion at this term Mr. Justice BRINKER, in delivering the opinion of the court, entered into a full statement of the facts, and we deem it useless to repeat what was then stated.[1] The two cases will be considered together. This suit was brought in equity by Orman and Crook to enforce a mechanic's lien on defendant's line of railroad, running from Espanola, in the county of Rio Arriba, to Santa Fe, in Santa Fe county. The bill was filed in November, 1883, and a final decree entered in favor of complainants on the thirteenth day of June, 1884, for $29,657.04, and the same declared a lien on the entire property of the defendant company between the points named. Many errors are assigned for our consideration, but we will only look into a few.

Plaintiffs filed in the two counties, in the manner prescribed by law, notice of the lien claimed, and thereafter filed a bill to enforce their demand, referring to the notices as filed, but did not specifically set out the particular items as stated in the notice. The plaintiffs were contractors, in charge of the construction of the division of the road from Espanola to Santa Fe. They set out in detail the work and labor performed and materials furnished in the construction of that part of the line of railroad. The defendant filed a demurrer to the bill, which was overruled, and he assigns the overruling of that demurrer as error. The bill was not drawn, perhaps, with that degree of care and particularity that the nature of the remedy sought to be enforced required, under the decisions of many courts, but this court, at the last term, held that the statute conferring liens of this kind should be liberally construed. All of the substantial requirements of

[1] *Ante,* 308, 9 Pac. Rep. 253.

the statute were complied with, so far as the pleader attempted to follow up the lien embraced in the claim and notice filed before that time.   The contracts under which the work was done were dated in May, July, and August, 1882.   The notice of lien did not refer to the July contract.   The bill seeks to enforce a lien for $10,302.57, the value of bonds in that nominal sum to be issued by the county of Santa Fe, which the defendant company agreed to deliver to plaintiffs in part payment of their work of construction.

This agreement was made on the seventeenth day of July, 1882. No claim of lien arising under the July contract was embraced in the claim and notice of lien of complainants.   The action of the master in admitting proof of this item was objected to by the defendant, and the action of the court in approving the report of the master in the allowance of that sum is assigned as error.   This objection is well taken.   The notice and claim of lien were prerequisites to the creation and enforcement of any lien whatever.   The bill, therefore, could not embrace matter not within the claim as filed.   By failing to claim any rights springing out of the July contract the lien under that contract, at least, was lost.   The proceeding being purely statutory, the courts will not go beyond its terms, true intent, and meaning.   The court found that there never had been a full and complete settlement between complainants and the defendant company from the beginning of the work in May until its completion.   The answer of the company admits an indebtedness to complainants in the sum of $19,354.57, and that this sum was for work and labor and materials furnished since the first day of September, 1882.   It will be seen, by deducting from the decree below the $10,302.57, that the amount admitted in the answer to be due is within a small sum of the amount found by the master and decreed by the court.   The record recites notice to the solicitor of the company of the filing of the master's report, and that no exceptions were filed by him.

It appears that at the July term of the district court, on the second day of August, 1884, a stipulation was entered into between the defendants in error and several other lienholders against said company, and an order was entered in pursuance thereof to consolidate the said several causes and to submit to the court their respective claims for priority of lien under the decrees theretofore entered against said company.   We think the court below erred in allowing the item of $10,302.57, on account of the alleged failure of the company to deliver the bonds of Santa Fe county under the July contract, but subject to the power of the court below, under the order of consolidation, to determine the rank and priority of liens as between the several lienholders.

The original decree will be affirmed, with directions to that court to modify said decree by striking out the sum of $10,302.57, and to proceed with said cause.

Long, C. J., and Brinker, J., concur.